## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MATTHEW J. PITZER,** | ) | **CASE NO. 4:11CV3028** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **ROBERT HOUSTON, Director,** | ) | |
| **Nebraska Department of Correctional** | ) | |
| **Services, and DENNIS BAKEWELL,** | ) | |
| **Warden, Nebraska State Penitentiary,** | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner Matthew J. Pitzer's ("Pitzer") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondents filed an Answer (Filing No. 12), Brief on the merits of the Petition (Filing No. 13), and relevant State Court Records (Filing No. 11). Pitzer filed a Brief in response to the Answer. (Filing No. 14.) This matter is therefore deemed fully submitted.

Liberally construing the allegations of Pitzer's Petition, he makes the following three claims:

Claim One: Petitioner was denied due process of law in violation of the Fourteenth Amendment because the trial court (1) denied Petitioner the right to hire private counsel; (2) "forc[ed]" him to be represented by ineffective counsel; (3) "suggested to" Petitioner that he would receive a sentence of probation resulting in a plea that was not "knowingly, intelligently, and voluntarily" made by Petitioner; (4) failed to inform Petitioner at the time of his plea that he waived further appeals relating to a motion to suppress; (5) imposed an excessive sentence on Petitioner; (6) failed to advise Petitioner regarding when he would be eligible for parole; and (7) failed to investigate the conflict in the record regarding which controlled substance the arresting officers "seized" from Petitioner ("Claim One").

Claim Two: Petitioner was denied due process of law and the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because his trial and appellate counsel failed to raise Claim One, Parts 6 and 7, as set forth above ("Claim Two").

    Claim Three:        Petitioner was denied due process of law and the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because his trial counsel (1) "failed to interview relevant witnesses" even when Petitioner insisted his counsel do so; (2) and failed to investigate or obtain the surveillance video of Petitioner's arrest ("Claim Three").

(Filing No. 1 (together, the "Habeas Claims").)

## BACKGROUND

### I. *Pitzer's Conviction and Direct Appeal*

On June 15, 2007, pursuant to a plea agreement, Pitzer pled no contest to one count of possession with intent to deliver a controlled substance: cocaine. (Filing No. 11-13, Attach. 13, at CM/ECF pp. 58-74.) The Douglas County, Nebraska District Court thereafter sentenced Pitzer to serve a prison term of 15-20 years on that conviction. (Filing No. 11-11, Attach. 11, at CM/ECF p. 16.) Pitzer filed a timely direct appeal in which he raised portions of Claims One and Three. (Filing No. 11-5, Attach. 5, at CM/ECF pp. 1-37.) The Nebraska Court of Appeals affirmed Pitzer's conviction and sentence on June 17, 2008, issuing a written opinion. (Filing No. 11-1, Attach. 1, at CM/ECF pp. 1-4.) Pitzer filed a petition for further review with the Nebraska Supreme Court, which denied relief on September 10, 2008. (Filing No. 11-3, Attach. 3, at CM/ECF p. 2.)

### II. *Pitzer's Post Conviction Motion and Appeal*

On June 2, 2009, Pitzer filed a verified motion for postconviction relief in the Douglas County District Court (the "Post Conviction Motion"). (Filing No. 11-12, Attach. 12, at CM/ECF pp. 26-42.) Liberally construed, the Post Conviction Motion asserted portions of Claim One, and all of Claims Two and Three. (*Id.*) Without holding an evidentiary hearing, the Douglas County District Court issued a detailed opinion denying relief on all claims asserted in the Post Conviction Motion. (*Id.* at CM/ECF pp. 16-21.) Pitzer filed a

2

timely appeal of the denial of post conviction relief. On appeal, Pitzer assigned several errors, encompassing portions of Claim One, and all of Claims Two and Three. (Filing No. 11-8, Attach. 8, at CM/ECF pp. 1-31.) On June 21, 2010, the Nebraska Court of Appeals affirmed the Douglas County District Court's denial of post conviction relief, issuing a lengthy and detailed opinion. (Filing No. 11-2, Attach. 2, at CM/ECF pp. 1-14.) Pitzer filed a petition for further review with the Nebraska Supreme Court, which denied relief to Pitzer on August 25, 2010, without issuing an opinion. (Filing No. 11-4, Attach. 4, at CM/ECF p. 2.) Details of the Nebraska state court opinions are set forth where necessary below. On March 4, 2011, Pitzer timely filed his Petition in this court. (Filing No. 1.)

## ANALYSIS

### I.    Standard of Review

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

3

United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

As the Supreme Court recently noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 786 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* In short, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. See *Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit recently clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct

4

> decision by a state court. . . . Accordingly, the postconviction trial court's discussion of counsel's performance–combined with its express determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

Worthington v. Roper, 631 F.3d 487, 496-97 (8th Cir. 2011) (quotations and citations omitted). The court also determined that a federal district court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." Id. at 497. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." Id. The Supreme Court agrees, stating:

> There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

Harrington, 131 S. Ct. at 784.

## II. The Strickland Standard

Pitzer's Claims Two and Three assert that he received the ineffective assistance of counsel. Such claims are reviewed under the two-pronged standard of Strickland v. Washington, 466 U.S. 668, 694 (1984). Strickland requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. Id. at 687; see also Bryson v. United States, 268 F.3d 560 (8th Cir. 2001); Williamson v. Jones, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the Strickland test requires that the petitioner demonstrate that his attorney failed to provide reasonably effective assistance. Strickland, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

Additionally, the Supreme Court has emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and "leeway," which presents a "substantially higher threshold" for a federal habeas petitioner to overcome. As stated in *Knowles*:

6

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Schriro, supra*, at 473, 127 S. Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 1420.

In another recent case, the Supreme Court further stressed the importance of deference to state court opinions in cases where the petitioner accepted a plea:

> There are certain differences between inadequate assistance of counsel claims in cases where there was a full trial on the merits and those, like this one, where a plea was entered even before the prosecution decided upon all of the charges. A trial provides the full written record and factual background that serve to limit and clarify some of the choices counsel made. Still, hindsight cannot suffice for relief when counsel's choices were reasonable and legitimate based on predictions of how the trial would proceed. . . . Hindsight and second guesses are also inappropriate, and often more so, where a plea has been entered without a full trial . . . [t]he added uncertainty that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance. Counsel, too, faced that uncertainty. There is a most substantial burden on the claimant to show ineffective assistance. The plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases not only where witnesses and evidence have disappeared, but also in cases where witnesses and evidence were not presented in the first place.

*Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 745-46 (2011) (citations omitted).

### III.    Pitzer's Claims

  A.    *State Court Findings-Claim One, Parts 1-5*

For his Claim One, Pitzer argues that he is entitled to relief because the trial court violated his Fourteenth Amendment due process rights in seven separate ways. (Filing No.

7

1.) Through both Pitzer's direct appeal and post-conviction appeal, the Nebraska Court of Appeals rejected Claim One in its entirety.  As to Claim One, Parts 1 and 2, relating to Petitioner's request for a continuance to hire private counsel, the Nebraska Court of Appeals determined:

> The district court, in denying the motion, noted that the parties and witnesses were present for the hearing, that there is expense in bringing the witnesses to court, that the case had been pending for 5 months, that the request for continuance was not made prior to the hearing, and that there is no prejudice to Pitzer in going forward with the hearing.  The district court also stated that it would approve the public defender's withdrawal upon the filing of an entry of appearance by private counsel.
>
> Pitzer waived this assignment of error by entry of his plea of no contest, which as we discuss below, was entered knowingly, voluntarily, and intelligently.  The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. . . .  The only exceptions are for the defenses of insufficiency of the indictment, information, or complaint; ineffective assistance of counsel; and lack of jurisdiction.
>
> . . . .
>
> Because we do not reach Pitzer's ineffective assistance of counsel claim and there are no other exceptions applicable to the waiver of defenses by virtue of Pitzer's plea, we find that Pitzer has waived appellate review of the district court's denial of his motion for continuance and of Pitzer's claim that he was denied counsel of his choice.  Nevertheless, having reviewed the record, we find no abuse of discretion by the district court in denying the oral motion for continuance.

(Filing No. 11-1, Attach. 1, at CM/ECF pp. 2-3 (citation omitted).)[1]  Regarding Claim One, Parts 3 and 5, relating to the length of Pitzer's sentence and whether the court promised him probation, the Nebraska Court of Appeals found:

---

[1] The Nebraska Court of Appeals determined that the record was insufficient to address Pitzer's ineffective assistance of counsel claim on direct appeal. (Filing No. 11-1, Attach. 1, at CM/ECF p. 3.)  However, as set forth below, in its later post-conviction opinion, the Nebraska Court of Appeals rejected that claim.

8

> Pitzer claims that the district court inadvertently suggested that he would receive probation. A review of the record reveals this argument to be without merit. At the plea hearing, there was discussion about Pitzer undergoing a substance abuse evaluation and the district court did state that if it appeared that Pitzer was going to be able to get into treatment at some reasonable period of time, the court would continue the sentencing. The court went on to advise Pitzer that it was not guaranteeing him that even if he got treatment that he would receive probation, but that the court would "look at it." The court stated that no promises regarding probation were being made, since the court did not yet know anything about Pitzer's criminal record. Pitzer acknowledged that his plea was not the product of threats, promises of leniency, or inducements.
>
> We conclude that the district court did not abuse its discretion in finding that Pitzer's plea of no contest was entered freely, knowingly, intelligently, and voluntarily.
>
> . . . .
>
> . . . Pitzer's presentence investigation report reveals an extensive criminal record including, among other things, convictions for terroristic threats, criminal mischief, possession of marijuana, possession of cocaine with intent to deliver, several operating during suspension convictions, and numerous traffic infractions. The district court reviewed the record, considered the appropriate sentencing factors, and imposed a sentence within the statutory limits. Based on our review of the record, we conclude that the district court did not abuse its discretion in sentencing Pitzer.

(*Id.* at CM/ECF pp. 3-4.) The Nebraska Court of Appeals likewise rejected Claim One, Part 4, finding that "[t]he district court was not required to advise Pitzer that he was waiving appeal of the suppression issue by his plea. Further, we do not find that any comments made by the district court at the plea hearing regarding the ruling on the motion to suppress were misleading so as to render Pitzer's plea involuntary." (*Id.* at CM/ECF p. 3.)

   B.   *State Court Findings-Claim One, Parts 6-7 and Claim Two*

The remainder of Claim One, Parts 6 and 7, relate to the trial court's failure to advise Pitzer about his parole eligibility and the precise substance seized from Pitzer. (Filing No. 1.) For his Claim Two, Pitzer argues that this appellate counsel was ineffective

9

for failing to raise these issues on direct appeal. (*Id.*) The Nebraska Court of Appeals rejected Claim One, Parts 6 and 7 and Claim Two in their entirety in its post-conviction appeal opinion. In doing so, that court determined:

> The record establishes that the trial court did not make any truth in sentencing advisement at the time of sentencing. Our record does not show that Pitzer objected and he does not contend that he had no opportunity to do so. . . . To the extent that Pitzer argues his appellate counsel was ineffective for failing to allege on direct appeal that trial counsel was ineffective for failing to object to the lack of advisement at sentencing, Pitzer has not shown that a different result would have occurred at sentencing or that he was otherwise prejudiced by this failure.
>
> . . . .
>
> Pitzer also claims that the district court violated his right to due process when it failed to conduct an examination at the plea hearing to determine whether the substance seized was cocaine or methamphetamine. However, the amended information alleged that the substance was cocaine, the factual basis given by the State at the plea hearing established that Pitzer possessed cocaine, and Pitzer did not contest the factual basis. Therefore, even if Pitzer's direct appeal counsel had properly assigned the trial court's alleged errors, for the reasons discussed above, Pitzer has not established a reasonable probability that inclusion of the issue would have changed the result of the appeal.

(Filing No. 11-2, Attach. 2, at CM/ECF pp. 11-13 (citations omitted).)

    C.    *State Court Findings-Claim Three*

For his Claim Three, Pitzer argues that his trial counsel was ineffective for failing to interview certain witnesses and video evidence. (Filing No. 1.) As with Pitzer's other Claims, the Nebraska Court of Appeals applied *Strickland* and other state and federal cases, and rejected these arguments, finding:

> Pitzer does not identify the eyewitness, other than that he was a friend, nor does he indicate what either the eyewitness or the surveillance videotape would reveal. Pitzer does not indicate how this evidence would be exculpatory. Pitzer does not demonstrate how he was prejudiced or allege that but for his trial counsel's alleged deficiencies in relation to the

suppression hearing there is a reasonable probability he would have insisted upon going to trial.

We conclude that the district court did not err in finding that Pitzer was not denied effective assistance of trial counsel with regard to the two claims which were preserved on direct appeal.

(Filing No. 11-2, Attach. 2, at CM/ECF pp. 9-10.)

### IV. Deference

Respondents argue that the foregoing findings of fact and conclusions of law regarding Pitzer's Habeas Claims are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts.[2] Indeed, as set forth above, the court must grant substantial deference to the Nebraska state court decisions. The Nebraska Court of Appeals reviewed all of the evidence and determined, based on *Strickland* and other federal and state law, that the trial court did not abuse its discretion and that Pitzer's trial and appellate counsel's performances were not deficient. Summarized and condensed, that court determined that Pitzer's no contest plea was entered knowingly, voluntarily, and intelligently, that no promises were made regarding probation or sentencing, and that, even if Pitzer's counsel took (or failed to take) the actions alleged, no prejudice existed. (Filing No. 11-1, Attach. 1, at CM/ECF pp. 1-4; Filing No. 11-2, Attach. 2, at CM/ECF pp. 1-14.)

The court has carefully reviewed the record in this matter and finds that the Nebraska state court decisions are not "based on an unreasonable determination of the

---

[2]Respondents also argue that several of Pitzer's claims are procedurally defaulted because he failed to properly raise them in the Nebraska state courts. (Filing No. 13.) However, liberally construed, the court finds that Pitzer raised all of his Habeas Claims in the Nebraska state courts, which rejected them in their entirety.

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Pitzer has not submitted any evidence, let alone clear and convincing evidence, that the Nebraska Court of Appeals, or any other Nebraska state court, was incorrect in any of its factual determinations. 28 U.S.C. § 2254(e)(1). The grant of a writ of habeas corpus is not warranted here because the Nebraska state courts correctly applied *Strickland* and other federal law. In light of these findings, Pitzer's Petition is dismissed.

IT IS THEREFORE ORDERED that:

1. Petitioner Matthew J. Pitzer's Petition for Writ of Habeas Corpus (Filing No. 1) is dismissed with prejudice; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 7th day of November, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.